**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **Jerges Enrique Delepiani Olivero,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**David Wesling, et al,**<br><br>**Respondents.** | ) | **Civil Action No. 26-13625-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of petitioner Jerges Enrique Delepiani Olivero ("petitioner") to enforce the Court's September 30, 2026 Order (Docket No. 12). For the reasons that follow, the motion will be denied without prejudice.

In its September 30, 2026 Order, the Court allowed, in part, the petition for writ of habeas corpus and directed that petitioner be released within 14 days unless afforded a bond hearing that complies with all constitutional requirements, including the requirement that the Immigration Judge ("IJ") consider alternatives to detention (Docket No. 11). Petitioner received a bond hearing on October 13, 2026. Petitioner avers that, at the close of the hearing, the IJ stated that he would take the matter under advisement and indicated that a decision

would issue within 24 to 48 hours. When petitioner filed the present motion on October 16, 2026, more than 76 hours had passed since the hearing and no decision had issued.

Petitioner contends that the delay in issuing a decision amounts to a de facto denial of bond because the merits hearing on his asylum application is scheduled for today, October 19, 2026, and that the delay is therefore so arbitrary as to violate due process. The Court disagrees.

First, the Order from this Court required respondents to provide a bond hearing within 14 days. It did not set a deadline for the IJ to issue a decision. The Court acknowledges that IJs routinely take bond matters under advisement. A delay of a few days beyond the estimate made by the IJ does not, without more, transform what was a timely hearing into the denial thereof.

Second, petitioner cites no authority holding that a short delay in issuing a bond decision violates due process, and the record does not support the assertion that the decision is being withheld to prevent release before the merits hearing on his asylum application. Habeas relief is warranted when the exercise of discretion is "so arbitrary that it would offend fundamental tenets of due process." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 144 (D. Mass. 2019) (quoting Pratt v. Doll, No.

3:17-cv-1020, 2019 WL 722578, at *4 (M.D. Pa. Feb. 20, 2019)). A brief delay in issuing a decision does not meet that standard.

Finally, the Court cannot determine whether the bond hearing has complied with the Order, including whether the IJ considered alternatives to detention, until the IJ issues a decision. The motion is premature.

**ORDER**

For the foregoing reasons, the motion to enforce judgment (Docket No. 12) is **DENIED** without prejudice to renewal should the IJ fail to issue a prompt bond decision or issues a decision that does not comply with the September 30, 2026 Order of this Court.

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 19, 2026